UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-02658-SVW-DTB | Date | February 16, 2017 |
|---|---|---|---|
| Title | *Cheryl Thurston v. The Container Store, Inc.; Does 1-10* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO REMAND [10].

On November 14, 2016, Plaintiff Cheryl Thurston ("Plaintiff") filed this action for violation of California's Unruh Civil Rights Act, California Civil Code § 51 *et seq*., in the Superior Court for the County of San Bernardino against Defendant The Container Store, Inc. ("Defendant"), a Texas corporation. *See* Dkt. 1, Ex. A. On December 28, 2016, the Defendant removed the case to federal court. Dkt. 1. In removing the case, the Defendant contended that the Court has federal question jurisdiction because the Plaintiff's claim, although not brought under a federal cause of action, arises under the laws of the United States. Dkt. 1 at 1. Presently before the Court is Plaintiff's Motion to Remand. Dkt. 10. For the reasons stated below, the Court GRANTS the motion.

I. **Background**

Plaintiff alleges that she is a blind individual who requires screen reading software to read website content and access the internet. Complaint, Dkt. 1, Ex. A ("Complaint"), ¶ 1. The Defendant maintains a website, containerstore.com, in order to sell its products. *Id.* The Plaintiff alleges that the Defendant maintains its website in such a way that it presents numerous access barriers that prevent the Plaintiff and other blind individuals from gaining equal access to the website. *Id.* The Plaintiff contends that these barriers violate the Plaintiff's rights under California's Unruh Civil Rights Act. The Plaintiff seeks both injunctive relief and an award of damages. *Id.* at p. 6.

The Plaintiff alleges that the Defendant's website violates the Unruh Act for two reasons. First,

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-02658-SVW-DTB | Date | February 16, 2017 |
|---|---|---|---|
| Title | *Cheryl Thurston v. The Container Store, Inc.; Does 1-10* | | |

the Plaintiff alleges that containerstore.com is inaccessible to visually-impaired patrons, which denies those patrons full and equal access to the facilities, goods, and services that the Defendant makes available to the non-disabled public. *Id.* at ¶¶ 19-20. Second, the Plaintiff alleges that the Defendant's conduct constitutes a violation of various provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq. Id.* at ¶ 21. Such a violation also qualifies as a violation of the Unruh Act because § 51(f) of the Unruh Act provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Act. *Id.*

## II.  Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "The burden of establishing jurisdiction falls on the party invoking the removal statute … which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). Further, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). However, removal is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441.

## III.  Discussion

This case is procedurally unusual because the Plaintiff has alleged a violation of California's Unruh Act by the Defendant, but she has not alleged a violation of the Americans with Disabilities Act, the closely related federal statute. In fact, one of the Plaintiff's theories for the Defendant's violations of the state statute is that any violation of the ADA also constitutes a violation of state law. Therefore, although the Plaintiff's cause of action is brought under the state law and not federal law, part of the Plaintiff's case may still depend upon proving a violation of federal law.

The Defendant contends that removal is proper under federal question jurisdiction because violations of the ADA are a federal question, and proving such a violation would be a necessary element of the Plaintiff's state law claim. It is clearly established that federal question jurisdiction may exist even if the right to relief is brought under state law if deciding the dispute "requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). In other words, "original federal jurisdiction is unavailable unless it appears

                                                                                       :
                                        Initials of Preparer
                                                          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-02658-SVW-DTB | Date | February 16, 2017 |
|---|---|---|---|
| Title | *Cheryl Thurston v. The Container Store, Inc.; Does 1-10* | | |

that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Id.* At first look, it appears that the Defendant's argument has some merit. The resolution of the case might involve whether the Defendant violated the ADA, a federal law, and therefore a necessary element of the Plaintiff's cause of action would require resolving that federal dispute.

In response, the Plaintiff puts forward two main reasons why the case should be remanded. First, she argues that the Ninth Circuit has issued binding authority directly on point. The Ninth Circuit has held that "there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA. To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim." *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002). The Plaintiff argues that *Wander* represents binding authority that no federal jurisdiction exists when only a state law claim is brought in the context of disability civil rights, even if an element of the state law claim is a violation of the ADA.

However, it is clear to the Court that *Wander* is not directly applicable to this case. The Ninth Circuit based its decision that exercising federal jurisdiction would defeat the intent of Congress under those particular circumstances on the fact that the Plaintiff was not seeking injunctive relief under the relevant state law because such relief had already been rendered moot. *Wander*, 304 F.3d at 857-58. Additionally, Congress had specifically declined to allow for the recovery of damages under the ADA. *See* 42 U.S.C. § 12188(a)(1). Therefore, allowing a federal court to hear an ADA-related claim solely for damages would defeat Congress's clear intent to not allow a federal cause of action for such cases. *Wander*, 304 F.3d at 857. However, this case clearly does not present such a scenario, as the Plaintiff currently seeks both injunctive and monetary relief. Thus, the holding in *Wander* is not directly relevant here, and it remains an open question in this circuit whether a state claim for both injunctive and monetary relief may be heard in state court. In other words, this Court may have federal question jurisdiction over the state law claim for injunctive relief and supplemental jurisdiction over the claim for damages.

Secondly, the Plaintiff contends that resolving the ADA is not a *necessary* element of her cause of action because her state law claim is not solely based on a violation of federal law. Instead, she also contends that the Defendant's conduct constitutes a violation of the Unruh Act independent of the ADA

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-02658-SVW-DTB | Date | February 16, 2017 |
|---|---|---|---|
| Title | *Cheryl Thurston v. The Container Store, Inc.; Does 1-10* | | |

violation. Therefore, because deciding whether the Defendant violated the ADA is not necessary to resolving this case, it does not give rise to federal-question jurisdiction. *See Jackson v. Yoshinoya America, Inc.*, 2013 WL 865596, *3 (C.D. Cal., Mar. 7, 2013).

In light of the previous analysis, the Court concludes that the answer to whether this Court has federal jurisdiction is ambiguous. The only binding authority presented by either party is not directly on point, as discussed above. *See Wander*, 304 F.3d at 857. However, in dicta the Ninth Circuit stated, "Federal question jurisdiction is not created merely because a violation of federal law is an element of a state law claim." *Id.* Yet the Defendant is correct that the Plaintiff's cause of action may require resolving the Defendant's liability under the ADA, which would seem to meet the test for "arising under" federal law.[1] However, the ADA violation is only one of two theories of liability presented by the Plaintiff, meaning that the ADA may not be involved at all in the litigation. This would suggest that resolving the federal question is not a necessary element of the Plaintiff's claim. For these reasons, it is ambiguous to the Court whether the ADA's relation to the Plaintiff's state law cause of action meets the standard for federal question jurisdiction when the claim is not brought under the ADA directly.

Because "the court resolves all ambiguity in favor of remand to the state court," *Hunter*, 582 F.3d at 1042, this case must be remanded. Finally, the Court notes that both parties leveled personal attacks at opposing counsel regarding their motivations and prior litigation disputes. The Court finds such accusations inappropriate to consider on a motion to remand. Finally, because the Court has found that no binding authority controlled this case and that the presence of federal jurisdiction was ambiguous, it is not appropriate to award the Plaintiff attorneys' fees as a result of the Defendant's removal of this action.

### IV. Conclusion

The Court GRANTS the Plaintiff's Motion to Remand. This case is remanded to the Superior Court of the State of California for the County of San Bernardino. No fees or sanctions are awarded.

IT IS SO ORDERED.

---

[1] The fact that the Plaintiff at least partially bases her cause of action on violations of the ADA distinguishes her case from the one considered in *Yoshinoya America*, 2013 WL 865596. In that case, cited here by the Plaintiff, the plaintiff based his causes of action solely on the violation of state laws without reference to the ADA, while in the present case the Plaintiff bases her cause of action at least partially on federal law as one of her two theories of the Defendant's liability.

:

Initials of Preparer

PMC